**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



**LORRAINE WETZEL,**

**Plaintiff,**

v.

**TOWN BOARD OF ORANGETOWN, TOWN OF**
**ORANGETOWN, THOM KLEINER, MARIE**
**MANNING, AND DENIS TROY,**

**Defendants.**

**08 Civ. 196 (SCR)**

**OPINION AND ORDER**

**STEPHEN C. ROBINSON, United States District Judge:**

Plaintiff, Lorraine Wetzel, brings this action against the Town Board of Orangetown

("Board"), the Town of Orangetown ("Town"), Thom Kleiner, Marie Manning and Denis Troy

asserting federal and state claims relating to alleged violations stemming from the Board's

December 10, 2007 disciplinary action against Plaintiff. Currently pending before the Court is

Defendants' Motion to Dismiss Portions of the Complaint.

**I.   BACKGROUND**

Plaintiff, Lorraine Wetzel, a 27-year veteran of the Town of Orangetown Police

Department, alleges that she is the victim of gender discrimination, retaliation and due process

violations.

Plaintiff was charged with official misconduct in two sets of disciplinary proceedings that

were preferred by the Police Chief of the Town of Orangetown, in 2004. In May 2006, after

some procedural delays, the Board appointed Mr. Wooley to serve as a hearing officer in the

disciplinary action against Plaintiff. On or about June 30, 2006, Plaintiff and her attorney received notice from Hearing Officer Wooley, that the hearing had been scheduled for July 11, 2006.

The hearing began on July 11, 2006 as scheduled. After unsuccessfully seeking to call Plaintiff as a witness, the Police Chief through his attorney, Mr. Klein, rested at the beginning of the second day of the hearing, August 4, 2006. Plaintiff proceeded to defend the charges by calling numerous witnesses and admitting documentary evidence over eight hearing days. Prior to the conclusion of the hearing, Plaintiff challenged the jurisdiction and impartiality of Hearing Officer Wooley in a letter to the members of the Town Board dated September 21, 2006. The hearing concluded on November 1, 2006. On this date, Hearing Officer Wooley gave the parties the choice of providing verbal or written closing statements. Plaintiff elected a verbal closing statement while the Police Chief elected to prepare a written closing statement.

Hearing Officer Wooley issued a Report and Recommendation to the Board in June 2007. After its issuance, Plaintiff wrote to the Town requesting permission to address the Board with respect to the Report and Recommendation. In December 2007, Plaintiff and the Police Chief were offered an opportunity to address the Board for five minutes with respect to the disciplinary charges at the Board's regularly scheduled meeting on December 10, 2007. At that meeting, Plaintiff's counsel addressed the Board for five minutes and submitted a written letter to the Board. Cousel for the Police Chief also addressed the Board for five minutes. Later, at that same meeting, the Board found Plaintiff guilty of all but two of the charges and imposed a ten day suspension without pay as the penalty which was administered by the Police Chief. Plaintiff commenced this action by filing her Complaint in January 2008.

2

## II. DISCUSSION

### A. Motion To Dismiss For Failure To State A Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, a court must "view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 164 (1993)) (citation omitted). Nevertheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950. Furthermore, if allegations taken as true are consistent with plaintiff's claim, but there is an "obvious alternative explanation" the court will find that the plaintiff's claim is not plausible. *Twombly*, 550 U.S. at 567. The Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Because the Complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) (citations and internal quotation marks omitted).

### 1. All claims against Kleiner, Manning, and Troy are dismissed.

Plaintiff's complaint is devoid of any facts or allegations to support any claims against Defendants Kleiner, Manning and Troy. In so far as Plaintiff attempts to use them for the future

3

enforcement of potential equitable relief, her attempts are both futile and unnecessary as any such remedy she is seeking from the Town or the Board are enforceable as against them. All claims against Defendants Kleiner, Manning and Troy are therefore dismissed.

## 2. The second claim for due process violations is dismissed.

Plaintiff's allegations in support of her second cause of action for the denial of substantive and procedural due process are insufficient to state a claim. The Complaint itself makes clear that Plaintiff has received all the procedural due process to which she is entitled prior to the imposition of a penalty – notice of the charges and an opportunity to be heard concerning them. *Locurto v. Safir*, 264 F.3d 154, 173-74 (2d Cir. 2001). Further, a substantive due process claim cannot be premised on facts that establish other asserted claims such as retaliation or gender discrimination. *See Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005). Accordingly, the second claim for the denial of procedural and substantive due process is dismissed for failure to state a claim.

## 3. Plaintiff's First Amendment Right to Petition claim is dismissed.

As previously decided in the related action, *Wetzel v. Town of Orangetown, et. al.*, 06 Civ. 5144, Plaintiff's potential speech in addressing the Board about personal injustices done to her as part of her disciplinary hearing is not protected speech under the First Amendment because it is not a matter of public concern. "The First Amendment right to petition the government for a redress of grievances, which is an assurance of a particular freedom of expression, is generally subject to the same constitutional analysis as the right to free speech." *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1059 (2d Cir. 1993) (internal quotations and citations omitted). "When asserting a violation of the right to petition, a plaintiff bears the burden of showing that his or her 'speech can be fairly characterized as constituting speech on a

4

matter of public concern.'" *Bates v. Bigger*, 56 Fed. App'x 527, 530 (2d Cir. 2002) (quoting *Piesco v. Koch*, 12 F.3d 332, 342 (2d Cir. 1993)). "Individual complaints of discrimination, which do not allege system-wide discrimination, do not involve matters of public concern." *Bates v. Bigger*, 56 Fed. App'x at 530. Plaintiff in this case fails to allege that her grievances, in the form of gender based discrimination and retaliation in the form of a so-called "sham disciplinary proceeding," are more than an individual complaint. Plaintiff's grievances and her right to petition them therefore do not involve matters of public concern and her claim of a violation of her right to petition must fail.

## B. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Defendants move to dismiss Plaintiff's third claim for Article 78 review for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited jurisdiction, which is to say that a federal court must have valid subject matter jurisdiction over a party's claim or claims in order for it to adjudicate the case or controversy. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006) ("federal courts are courts of limited jurisdiction which thus require a specific grant of jurisdiction."). New York law vests jurisdiction over Article 78 proceedings solely in state courts. *See* N.Y. C.P.L.R. § 7804(b). Plaintiff's third claim for Article 78 review is therefore dismissed for lack of subject matter jurisdiction.

## C. Motion To Strike

Defendant's move to strike Exhibit 4 of the Complaint pursuant to Federal Rule of Civil Procedure 12(f), which permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Exhibit 4

08 Civ. 196 (SCR)

to the Complaint is a fifty-four page narrative authored by Plaintiff's attorney that is redundant, immaterial, and impertinent. This exhibit is entirely unnecessary to any "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and, more importantly, would be prejudicial if ever reviewed by a jury. Defendant's motion to strike Exhibit 4 is therefore granted.

## D. Motion To Stay

Despite the similarity between the allegations in the numerous *Wetzel* cases, Defendants' have not set forth any compelling reason for imposing a stay of this action at this time. Defendants' motion for a stay is therefore denied.

## III. CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss Portions of the Complaint is granted in part dismissing the second, third and fourth claims and dismissing Defendants Kleiner, Manning and Troy from this action entirely. Furthermore, Defendants' Motion to Strike Exhibit 4 to the Complaint is granted. Defendants' Motion for a Stay is denied.

The Clerk of the Court is directed to close docket entry 5.

*It is so ordered.*

Dated:  *APRIL  12* , 2010
White Plains, New York

Stephen C. Robinson
United States District Judge