UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LORRAINE WETZEL,                              :

        Plaintiff,                        :    ORDER AND REPORT
                                                  AND RECOMMENDATION
        -against-                        :    06 Civ. 6117 (LAP)(LMS)
                                                  08 Civ. 196 (LAP)(LMS)
TOWN OF ORANGETOWN, et al.                    :

        Defendants                        :

------------------------------------------------------------x

TO: The Honorable Loretta A. Preska, Chief Judge:

This Order, a portion of which includes a Report and Recommendation, is based, in part, upon the extensive history of these cases, which have been consolidated for discovery purposes, as well as all prior proceedings and docket entries, with which the reader is presumed to be familiar; the relevant prior proceedings include, most particularly but not exclusively, (1) the Minute Entries and transcripts for conferences on 8/10/2012, 10/18/2012, 11/27/2012, 1/18/2013, and 2/4/2013, (2) letter from Defendant's counsel dated 11/13/2012, Docket Entry #58, (3) letter from Plaintiff's counsel dated 11/21/2012, Docket Entry #59, and (4) Order dated 11/26/2012, Docket Entry #60.

## LETTER MOTION TO PRECLUDE DATED FEBRUARY 19, 2013

By letter dated February 19, 2013, Defendants have moved to preclude Plaintiff from offering additional evidence during discovery, during motion practice, or at trial, in support of many of her claims in both cases captioned above, because of Plaintiff's persistent failure to produce discovery in a timely fashion. Plaintiff's response to this letter motion was due on March 5, 2013. See Minute Entry for February 4, 2013. By letter dated March 5, 2013,

Plaintiff's counsel sought an extension of "all dates in the above referenced cases [referring to the two cases herein] until after the trial of the 03-cv-9896 [Wetzel v. Orangetown] case before Judge Preska is over" (Docket Entry #68, at p. 1), because of the press of business in these and related cases, including a trial scheduled to proceed before Chief Judge Loretta Preska on March 18, 2013, and including counsel's long-standing medical condition. Although the March 5 letter expressly requested an extension of time to respond to Defendants' motion to strike, detailed *infra*, the request for a rescheduling of "all dates" would also apply to the instant letter motion. The motion was denied, although Plaintiff's counsel was granted to March 11, 2013, to respond to Defendants' motion to strike. That extension would also have applied to any response to the instant letter motion.

No response to Defendants' letter motion to preclude was received by the Court, either on March 5 or on March 11, 2013. The Court therefore considers the letter motion to be unopposed.

Attached to Defendants' letter motion as Exhibit A are Defendants' Amended Consolidated First Set of Interrogatories, and Defendants' Consolidated Second Set of Interrogatories. Attached to the letter motion as Exhibit B is Plaintiff's Response to Defendant's [sic] Consolidated Interrogatories. Attached to the letter motion as Exhibit C are Defendants' Amended Consolidated First Request for Documents, and Defendants' Consolidated Second Request for Documents. Attached to the letter motion as Exhibit D is Plaintiff's Response to Defendants' Consolidated Request for Documents.

The letter motion seeks to preclude Plaintiff from offering any evidence not previously produced in support of her claims, and specifically seeks to preclude Plaintiff from offering any additional evidence of her actual damages, including any computation of such damages, from calling any witnesses or offering any documents not identified in the existing responses, and

from offering the previously-filed complaints as evidence in the case. The letter motion is granted in full.

For the reasons set forth in Defendants' counsel's letter motion of February 19, 2013, for purposes of any motion practice, hearing, or trial in either of these cases, Plaintiff is precluded from offering any argument or support for her claimed damages, including any computation of such damages, that is not set forth in Exhibits B and D to the letter motion. Plaintiff is also precluded from calling witnesses at trial, or from offering documents into evidence, for any purpose other than those identified in Exhibits B and D. Finally, Plaintiff is precluded from offering the complaints in this case into evidence to establish any facts relevant to this matter (Docket Entry #8, filed 7/9/2007, is the currently pending Amended Complaint in 06 Civ. 6117, Docket Entry #1, filed 1/9/2008, is the currently pending Complaint in 08 Civ. 196).

## MOTION TO STRIKE

By Notice of Motion dated February 19, 2013, and supporting documents, Defendants seek to strike or partially strike paragraphs and claims of the pending Complaints in the above-captioned matters. As set forth *supra*, Plaintiff's response to the motion was due March 5, 2013. Plaintiff's counsel made a request for an extension of time to respond, which request was denied, but Plaintiff's counsel was granted six days, from March 5 to March 11, to serve and file a response to the motion. No response has been filed with the Court. The motion is therefore unopposed.

The history of this case is replete with delay after delay. Much of this delay occurred before Plaintiff's current counsel appeared on Plaintiff's behalf, and therefore that delay is not attributed to current counsel. However, proceedings since June 2012, when Plaintiff's current counsel first filed a Notice of Appearance in 08 Civ. 196 (Docket Entry #28), and since October,

2012, when Plaintiff's current counsel first filed a Notice of Appearance in 06 Civ. 6117 (Docket Entry #56), have proceeded at a snail's pace, when they have proceeded at all. As previously set forth in detail (see Docket Entry #60, 06 Civ. 6117), Plaintiff's counsel has repeatedly ignored schedules put in place by the undersigned. This persistent behavior has continued even when the undersigned has set firm and final deadlines.[1] Plaintiff, through counsel, has offered no compelling excuse for the failure, and the absence of any response to the pending Motion to Strike is yet another example of counsel's failures in this regard.

Defendants' Motion to Strike pursuant to FED. R. CIV. P. 37(b) seeks to strike numerous paragraphs in the two pending Complaints, as well as some of the claims contained in those Complaints. Defendants present a fair recitation of the history of this case in the Declaration of Carly S. Grant, filed in support of the motion, and in the "Background" section of the Memorandum of Law (pp. 3-9). This litany of failures on Plaintiff's part is fully demonstrated in the docket of each of these cases. Additionally, as a result of the Order, *supra*, granting Defendants' letter motion to preclude Plaintiff from offering evidence or witnesses not previously disclosed, Plaintiff cannot cure the identified failures.

For substantially the same reasons set forth in the Memorandum of Law submitted in support of the Motion to Strike, the Motion is granted as follows:

---

[1] Plaintiff's counsel's existing medical condition is frequently offered as an excuse for her applications for more time, or her request to be excused for failing to comply with deadlines. Because the Court is sensitive to the importance of accommodating disabled persons such as Plaintiff's counsel, the undersigned has frequently granted additional time to Plaintiff, even after declaring that no further extensions will be granted. However, the medical condition, which is chronic, is not going to change, and counsel must find a way to comply with court-imposed deadlines despite that condition, either by taking on less work or by getting additional legal assistance. Plaintiff's counsel's medical condition has been taken into account in these proceedings, but it does not excuse the persistent failure of Plaintiff to produce discovery or comply with other deadlines.

The following paragraphs are stricken from the Amended Complaint in 06 Civ. 6117: 21, 55, 89, 90, 104, 105, 111, 112, 133, 136, 137, 139, 143, 146, 150-53, 201, 205, 206, 213, 255, 256, 266-72, 421, and 423-27. The following paragraphs are stricken from the Complaint in 08 Civ. 196: 18, 21, 25, 31, 35, 39, 40, 41, 43-47, 50-52, 56, 57, 59, last three lines of 110, 61-66, footnote to paragraph 75, 78, 79, 80-83, 92-93, 95, 103, 116, 119, 120, 125, 128-29 only insofar as they reference documents, 131-33, 135-37, 139, 146-48, 152, 153, 154, 155, 156, 157, 164, 166, 167, 168, 176, 179, 181, 184, and 186. To the degree that the paragraphs that have not been stricken that were the subject of this Motion allege argument, rather than fact, the Motion is denied. Defendants are reminded that they should refrain from opening the door to Plaintiff with regard to raising issues about evidence of the facts alleged in the stricken paragraphs, as Plaintiff would not then be precluded from inquiry about those issues.

## REPORT AND RECOMMENDATION

Because paragraph 421 of the 2006 Amended Complaint has been stricken, I conclude, and strongly recommend that Your Honor should conclude, that the matter must be dismissed as to Keane & Beane and Lance Klein, as they are not mentioned or identified in any other of the charging paragraphs. With regard to the Motion to strike other causes of action, I respectfully recommend that the Motion should be denied without prejudice to renewal at the appropriate time during trial.

## CONCLUSION

For the reasons set forth herein Defendant's motion to preclude additional evidence, as contained in the letter dated February 19, 2013, is granted. Plaintiff is precluded from offering any argument or support for her claimed damages, including any computation of such damages, that is not set forth in Exhibits B and D to the February 19 letter motion. Plaintiff is also

precluded from calling witnesses at trial, or from offering documents into evidence, for any purpose other than those identified in Exhibits B and D to the February 19 letter motion. Plaintiff is also precluded from offering the complaints in this case into evidence to establish any facts relevant to this matter.

For the reasons set forth herein Defendant's Motion to Strike certain paragraphs in the subject Complaints is granted as follows: the following paragraphs are stricken from the Amended Complaint in 06 Civ. 6117: 21, 55, 89, 90, 104, 105, 111, 112, 133, 136, 137, 139, 143, 146, 150-53, 201, 205, 206, 213, 255, 256, 266-72, 421, and 423-27; the following paragraphs are stricken from the Complaint in 08 Civ. 196: 18, 21, 25, 31, 35, 39, 40, 41, 43-47, 50-52, 56, 57, 59, last three lines of 110, 61-66, footnote to paragraph 75, 78, 79, 80-83, 92-93, 95, 103, 116, 119, 120, 125, 128-29 only insofar as they reference documents, 131-33, 135-37, 139, 146-48, 152, 153, 154, 155, 156, 157, 164, 166, 167, 168, 176, 179, 181, 184, and 186. To the degree that the paragraphs that have not been stricken that were the subject of this Motion allege argument, rather than fact, the Motion is denied.

It is further respectfully recommended to Your Honor that Defendants Lance Klein and Keane & Beane should be dismissed from the 2006 Amended Complaint, but that the Motion should be denied with respect to the other causes of action in both the 2006 and 2008 matters.

The Clerk is directed to docket the Defendants' letter motion of February 19 along with this Order.

This constitutes the Decision and Order of the Court with regard to the non-dispositive portions of the motion. With regard to the Report and Recommendation contained herein, the following Notice provision applies:

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to the Report and Recommendation contained herein. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Loretta A. Preska at the Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, and to the chambers of the undersigned at the Charles L. Brieant, Jr. Fed. Bldg. and United States Courthouse, 300 Quarropas Street, White Plains, NY 10601

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Chief Judge Preska.

Dated: March 14, 2013
White Plains, New York

**SO ORDERED AND RESPECTFULLY SUBMITTED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York