USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-17-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
LORRAINE WETZEL,                    :     06 Civ. 6117 (LAP)
                                    :     08 Civ. 196 (LAP)
                    Plaintiff,      :
                                    :     ORDER
            -against-               :
                                    :
TOWN OF ORANGETOWN, et al.,         :
                                    :
                    Defendant.      :
-----------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

On March 14, 2013, Magistrate Judge Lisa M. Smith issued an Order and Report and Recommendation (the "Report"). [06-cv-6117 dkt. no. 71; 08-cv-196 dkt. no. 46.][1] In the portion that included the Order, Judge Smith 1) ordered that Plaintiff be precluded from offering any evidence not previously produced in support of her claims; and 2) partially granted Defendants' motion to strike or partially strike several listed paragraphs and claims from Plaintiffs' Amended Complaint in the 06-cv-6117 matter and from the Complaint in Plaintiffs' 08-cv-196 matter. In the portion that included the Report and Recommendation, Judge Smith recommended that Defendants Keane & Beane and Lance Klein be dismissed because the only paragraph in which they are mentioned has now been stricken by the Order.

---

[1] All references to docket entries in this Order will hereby be in reference to the 06-cv-6117 docket.

Plaintiff filed objections to the Report on April 10, 2013 ("Objections") [dkt. no. 75].  Defendants filed a reply memorandum on April 25, 2013 ("Reply") [dkt. no. 76].  For the reasons set forth herein, Judge Smith's Order and Report and Recommendation [dkt. no. 71] is AFFIRMED and ADOPTED in full.

I.   JUDGE SMITH'S ORDER

Under Rule 72(a), this Court reviews a magistrate judge's order to determine whether it is clearly erroneous or contrary to law.  Only if an order does not meet this highly deferential standard may the Court modify or set aside the magistrate judge's decision.  See, e.g., Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988).

Judge Smith granted Defendants' letter motion to preclude Plaintiff from offering any evidence not previously produced in support of her claims, specifically any additional evidence of her actual damages, including any computation of such damages.  (Report at 2-3.)  Plaintiff is also precluded from calling any witnesses or offering any documents not identified in the existing responses, as well as offering the previously-filed complaints as evidence.  (Id.)  Judge Smith relied on the reasons set forth in Defendants' letter motion dated February 19, 2013 [dkt. no. 70], which documented Plaintiff's consistent failures to disclose responsive information and documents, and

2

which was unopposed.  Defendants argued that they would be unable to defend against claims without compliance with their discovery requests.  (<u>Id.</u> at 4.)  Plaintiff did not discuss this portion of the Order in her objections.  Judge Smith's Order precluding Plaintiff from introducing any new evidence is neither clearly erroneous nor contrary to law, and, accordingly, this portion of the Order is upheld.

Judge Smith also partially granted Defendants' unopposed Motion to Strike pursuant to Fed. R. Civ. P. 37(b) [dkt. no. 64], which permits a court to issue sanctions if a party "fails to obey an order to provide or permit discovery."  For the reasons set forth in Defendants' memorandum of law in support of their motion to strike, documenting the litany of delays and outright failures to obey discovery and scheduling orders on the part of Plaintiff, Judge Smith ordered that a number of paragraphs from each of Plaintiff's complaints be stricken. (Report at 5.)  Plaintiff objected to certain of the paragraphs being stricken primarily because, among other reasons, the allegations related to "records [that] are in the control of the Defendants' and have never been produced" (Objections at 2) or the delays were due to an unfortunate situation involving Plaintiff's former counsel, Mr. Diederich (Objections at 10-11). Plaintiff's counsel also discussed her medical condition (Objections at 4-7), which Judge Smith has addressed and

3

accommodated several times over the course of this litigation, and which requires no further discussion here.

Specifically, Plaintiff objects to paragraph 421 of the 2006 Complaint being stricken because she did not understand what was being requested in Defendants' document request relating to that paragraph. (Objections at 1-2.) Paragraph 421 asserts liability as against Defendants' law firm Keane & Beane and attorney Lance Klein. With regards to this allegation, Defendants requested "documents and communications relating to Plaintiff's allegation that the Law Firm Defendants are her employers." (Reply at 17.) Because Plaintiff did not produce evidence that would satisfy one of the legal elements she has the burden to prove in order to state a claim for relief, the paragraph was properly stricken.

As Defendants point out in their reply, Plaintiff has yet to demonstrate in her objections, any "compelling excuse for the failure[s]" that were the basis of Judge Smith's Order. (Report at 4.) Because Plaintiff has not identified any way that Judge Smith's Order is either clearly erroneous or contrary to law, this portion of the Order is upheld.

II. JUDGE SMITH'S REPORT AND RECOMMENDATION

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific,

4

written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous.  See Fed. R. Civ. P. 72(b). "Where a party makes a 'specific written objection' within '[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' the district court is required to make a de novo determination regarding those parts of the report."  Celestine v. Cold Crest Care Ctr., 495 F. Supp. 2d 428, 431 (S.D.N.Y. 2007) (citations omitted).

     Because the only paragraph referencing defendants Lance Klein and Keane & Beane—paragraph 421—was stricken in Judge Smith's Order, Judge Smith recommended that the matter must be dismissed as to those defendants.  (Report at 5.)  As discussed, Plaintiff objects to paragraph 421 being stricken because she did not understand the Defendants' discovery request relating to that paragraph.  (Objections at 1-2.)  Because Judge Smith's Order has been affirmed as to the paragraphs stricken, there remains no further basis upon which to state a claim against defendants Lance Klein and Keane & Beane.  Accordingly, Judge Smith's recommendation is ADOPTED, Plaintiff's 2006 Amended Complaint is DISMISSED as to defendants Lance Klein and Keane & Beane, and Defendants' Motion to Strike is denied with respect to the other causes of action.

III. CONCLUSION

Having considered the objections and finding Judge Smith's recommendations to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), her Report is hereby adopted. As to the portion that consisted of an Order, the Court finds that Judge Smith's holdings were not clearly erroneous or contrary to law, Fed. R. Civ. P. 72(a), and thus the Order is affirmed in its entirety.

SO ORDERED.

Dated:   New York, New York
         July 17, 2013

                                    _____
                                    UNITED STATES DISTRICT JUDGE